1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY A. RICHARDSON,

               Petitioner,

     v.

W. L. MONTGOMERY, Warden,

               Respondent.

Case No.  15-cv-05302-DMR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE; GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND DENYING HIS REQUEST TO STAY FEDERAL PROCEEDINGS**

10

11

12

       Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dkt. 1.  Petitioner has also filed a motion for leave to proceed *in forma pauperis* as well as a request to stay the petition and hold it in abeyance.  Dkts. 2, 3.

13

14

       This action has been assigned to the undersigned magistrate judge.  Petitioner has consented to magistrate judge jurisdiction in this matter.  Dkt. 1 at 7.

15

16

17

       Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment.[1]  Appeal will be directly to the United States Court of Appeals for the Ninth Circuit.  *See* 28 U.S.C. § 636(c)(3).

18

19

20

       In the instant petition, Petitioner admits that he did not exhaust his state remedies by presenting his claims to the highest level of review—the California Supreme Court—before filing his petition.  Dkt. 1 at 3-4.

21

22

       Prisoners in state custody who wish to challenge in federal habeas proceedings either the

23

24

25

26

27

28

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).  However, in cases such as this one, where the petitioner has consented but the respondent has not been served, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *cf. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

United States District Court
Northern District of California

1   fact or length of their confinement are first required to exhaust state judicial remedies by

2   presenting the highest state court available with a fair opportunity to rule on the merits of each and

3   every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455

4   U.S. 509, 515-16 (1982).  The exhaustion requirement is not satisfied if there is a pending post-

5   conviction proceeding in state court.  *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

6   If available state remedies have not been exhausted as to all claims, the district court must dismiss

7   the petition.  *Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  A

8   dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting

9   available state remedies.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

10          According to the state appellate court's opinion affirming Petitioner's convictions of

11  kidnapping during a carjacking, second degree robbery, and two counts of auto theft (stemming

12  from an incident on or about July 18, 2011), Petitioner challenged the following issues on direct

13  review: (1) the trial court erred in instructing on the natural and probable consequences doctrine;

14  (2)  ineffective assistance of trial counsel for failing to object to the aforementioned court's

15  instruction; (3) trial court's failure to stay the punishment imposed upon his conviction of count 4

16  (auto theft) violated California Penal Code § 654; and (4) ineffective assistance of trial counsel for

17  failing to object to the imposition of a $259.50 booking fee in each of the four cases for which he

18  was sentenced concurrently, including the instant case (relating to the July 18, 2011 incident) as

19  well as his three other convictions following pleas of no contest.  *See People v. Richardson*, Case

20  No. H039069, at *5-12 (Apr. 29, 2015).

21          Meanwhile, the three claims Petitioner alleges in the instant petition are different from

22  those raised in his direct appeal, and Petitioner had not yet exhausted these new claims with the

23  California Supreme Court at the time he filed the instant petition.  Dkt. 1 at 5.  Instead, he admits

24  that these claims were not presented on direct appeal and are currently pending state habeas

25  review in the state superior court.  *Id.* at 5-6.  He requests a stay of his petition in order to exhaust

26  his unexhausted claims.  Dkt. 3.

27           The United States Supreme Court has held that district court may stay mixed habeas

28  petitions to allow the petitioner to exhaust in state court.  *Rhines v. Weber*, 544 U.S. 269, 277-78

2

United States District Court
Northern District of California

1    (2005).  A district court does not have discretion to stay a petition containing only unexhausted

2    claims, however, even where the record shows that there were exhausted claims that could have

3    been included.  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Here, it is clear that

4    the instant petition contains only unexhausted claims.  Accordingly, this Court does not have

5    discretion to stay the petition, and no motion for stay will be entertained at this time.  Therefore,

6    the Court DENIES Petitioner's request to stay the petition and hold it in abeyance.  Dkt. 3.

7         Furthermore, as mentioned above, the exhaustion requirement applicable to federal habeas

8    petitions is not satisfied if there is a pending post-conviction proceeding in state court.  *See* 28

9    U.S.C. § 2254(b)-(c); *Sherwood*, 716 F.2d at 634.  If a post-conviction challenge to a criminal

10   conviction is pending in state court, a potential federal habeas petitioner must await the outcome

11   of the challenge before his state remedies are considered exhausted.  *See id.*  Moreover, the rule in

12   *Sherwood* applies whether or not the issue raised in the pending state petition is included in the

13   federal petition, for the reason that a pending state court challenge may result in the reversal of the

14   petitioner's conviction, thereby mooting the federal petition.  *See id.* (citations omitted).  As

15   Petitioner has a pending post-conviction proceeding in the state superior court, the instant federal

16   petition is DISMISSED without prejudice to refiling once all state court post-conviction

17   challenges to his conviction have been completed, and all claims he wishes to raise in federal court

18   have been presented to the California Supreme Court.  *See* 28 U.S.C. § 2254(b)-(c); *Rose*, 455

19   U.S. at 522.  Should Petitioner choose to refile, he is advised to do so as soon as possible after his

20   state court proceedings have concluded.  The court makes no ruling at this time on the issue of the

21   timeliness of any future federal petition.

22        Leave to proceed *in forma pauperis* is GRANTED.  Dkt. 2.  The Clerk of the Court shall

23   enter judgment, terminate any pending motions, and close the file.

24        This Order terminates Docket Nos. 2 and 3.

25        IT IS SO ORDERED.

26   Dated:  November 24, 2015

27   _____

28                                      DONNA M. RYU
                                        United States Magistrate Judge

3

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY A. RICHARDSON,

        Plaintiff,

      v.

W. L. MONTGOMERY,

        Defendant.

Case No.  4:15-cv-05302-DMR

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on November 24, 2015, I SERVED a true and correct copy(ies) of the Order of Dismissal Without Prejudice; Granting Petitioner's Application to proceed IFP and Denying his Request to Stay Federal Proceedings, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry A. Richardson ID: AM9823
P.O. Box 5007
Calapatria, CA 92233-5007

Dated: November 24, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

4